State vs. Kervin.

---

## No. 157.

### THE STATE OF LOUISIANA VS. JOHN KERVIN.

The ruling of the trial judge that no overt act, threat, or hostile demonstration had been proved and therefore that no foundation had been laid for the admission of proof of the character of deceased, is final unless manifestly arbitrary and not of sound legal discretion.

It is not within the province of the jury to decide whether a foundation has been laid for proof of the deceased's character. That question cannot be submitted to them from the very nature and mode of procedure in a criminal trial.

State vs. Kervin.

The judge who presides at a criminal trial must necessarily have heard the evidence sub mitted to him of overt acts, threats etc. and he is not compellable on a motion for a new trial to review his own ruling that such evidence was insufficient to admit proof of char- acter, nor can he be complained of if he refuses to hear evidence to shew that he was. wrong in his ruling on the trial in that regard.

APPEAL from the Second District Court, Parish of Bossier. Drew, J.

*J. A. W. Lowry,* District Attorney, and *J. D. Watkins,* for the State,. Appellee.

*Snider & Smith* for Defendant and Appellant:

Under plea of self-defence if the evidence as to who committed the direct overt act be un- certain, or contradictory or circumstantial, evidence as to the character of the accused for violence must be admitted. 2 Bishop's Crim. Pro., Secs. 613, 615, 616, and authori-- ties in notes.

Under plea of self-defence, if the evidence (admitted prior to the act of collision between the parties) be circumstantial, and showing any contention between the parties and it also tends to show who was the aggressor, then the character of the deceased for vio- lence is a part of the *res gestœ,* and it becomes a fact to be considered by the jury, just as it may have been considered by the accused at the instant he acted, in determining. whether or not the peril to life or danger of great bodily harm was apparently real and imminent. State v. D'Angelo, 9 A., 48; State v. Burns, 30 A., 679; Cotton v. State, 31 Miss., 504; Wesley v. State, 37 Miss., 327; Monroe v. State, 5 Ga., 85; Queensberry case, 3 Stewart and Porter, 308; Franklin case, 29 Ala., 14.

"If there be an attempt to make out a case of self-defence, the general tendency of the decisions in a majority of the States is to admit evidence of the brutal character of the deceased, or his threats against the accused." Fields v. State, 47 Ala., 603; Bowles v.. State, 58 Ala., 335; Payne v. State, 60 Ala., 80; People vs. Taing, 53 Cal., 602; Davidson v. People, 4 Col., 145; Campbell v. People, 16 Ill., 17; Wilson v. People, 94 Ill., 299 ;. State v. Browne. 22 Kan., 222; Cornelius v. Commonwealth, 15 B. Monroe (Ky.), 546 ; State v, Ricks, 32 A., 1098; State v. Burns, 30 A., 679; State v. Chavis, 80 N. C., 353 ; Crabtree v. State, 1 Lea (Tenn.), 267; Little v. State, 6 Baxt. (Tenn.), 491; Sims v. State, 9 Tex App., 586; Peck v. State, 5 Id., 611; U. Stater v. Mingo, 2 Curtis C. C., 1 ; Com. v. Wilson, 1 Gray (Mass.), 337—all collated in Note A to Sec. 116 of 3 Greenleaf's. Evidence, 14th edition, 1883.

The opinion of the Court was delivered by

Manning, J. The defendant was indicted for murder, was convicted of manslaughter, and was sentenced to imprisonment at hard labour for ten years. He relies for reversal upon the refusal of the judge to admit evidence of the character of the deceased for violence and pre- sents the point in a bill and a motion for a new trial.

The defendant's counsel concedes that such testimony is inad- missible unless there has been proof of some overt act of violence of the deceased, or of threats or hostile demonstrations by him, and he insists that such proof was made but the judge has not given it the weight it deserves.

The homicide was committed at a church and shortly after the religious exercises had closed. In his reasons appended to the bill the judge after stating the evidence says no proof had been made of any assault or hostile demonstration by the deceased at the time of firing by the accused, and that the latter had not placed himself within the rule of law that permitted the reception of proof of violent character.

Of necessity the trial-judge must decide whether the proper foundation has been laid for the admission of evidence of character, and that foundation is proof of an overt act of attack at the time or threats or hostile demonstrations. In State v. Ford, 37 Ann. 443, the distinction between evidence and proof was pointed out, for while some evidence was introduced by the defendant touching threats and hostile demonstrations of the deceased, counter-evidence was introduced by the State, and on weighing the whole the judge decided that neither threats nor hostile demonstrations were proved. He points out the fact that four out of the five persons who were present distinctly testify that there were no threats nor hostile demonstrations and this evidence was satisfactory to him.

The ruling of the judge was not arbitrary but was the exercise of a sound legal discretion based upon a careful review of the whole evidence and when that is the case we are bound to take his ruling as conclusive.

The defendant's counsel contends that all this evidence about overt acts and threats etc. should go to the jury and be weighed by them. But how would a criminal trial proceed or be arranged if this were the case? The law is clear that proof of overt acts, threats, etc. must be made before evidence of violent character is admissible. If the jury is to decide whether the evidence on those matters is proof, they must go out and find that fact and then return to the box, announce their finding and if favourable to the defendant the judge must then admit the evidence of character. A jury trial thus conducted would be an anomaly.

There is another point behind this presented by the motion for a new trial.

The defendant offered the testimony taken in writing on the preliminary examination and the notes taken on the trial by an assistant counsel for the State to prove to the judge that the evidence of threats etc. was sufficient to admit evidence of character.

We must say this is novel. It is making the judge review his own ruling on the trial and offering evidence to him to shew that his esti-

mate of the evidence on the trial was incorrect, and that on a matter he had adjudged and was beyond recall. As to the evidence on prelimirary examination the law requires that the evidence *on the trial* shall amount to proof of threats etc. before character can be inquired into, and while the judge might admit the notes of counsel on either side to refresh his own memory, if his recollections of the testimony are clear there is no obligation on him to take the notes of others. The judge who presides at the trial must be supposed to have heard all the evidence on such a matter as that. It is addressed to him directly and is offered to him in order that he may decide whether it is sufficient for the purpose, and when he has not only heard it but recites it and declares it insufficient as a foundation for the admission of other evidence upon another matter, his ruling must be final necessarily unless manifestly arbitrary or not of sound legal discretion.

Judgment affirmed.